UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHISTOPHER DOMINIK and LISA DOMINIK,<br><br>*Plaintiffs,*<br><br>v.<br><br>WELLS FARGO BANK, N.A., EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC,<br><br>*Defendants.* | Civil Action No.: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Christopher Dominik and Lisa Dominik, Plaintiffs herein, by their attorneys, allege and complain of Defendants as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory, treble and punitive damages, declaratory relief, injunctive relief, and statutory attorney's fees and costs brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), the New York Fair Credit Reporting Act, and New York General Business Law § 380, et seq. ("NY FCRA").

2. The Defendants have damaged Plaintiffs by reporting derogatory and obviously incorrect information regarding Plaintiffs' mortgage with Defendant Wells Fargo, N.A.

3. The Defendants consist of three national credit reporting agencies: Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") (collectively, the "CRA

1

Defendants"); and a "furnisher[s] of information" to those agencies, Wells Fargo Bank, N.A. ("Wells Fargo").

4. Plaintiffs' discovered inaccurate derogatory information on their credit reports and disputed the same directly with the CRA Defendants.

5. Wells Fargo violated the FCRA by:

    a. failing to conduct a reasonable investigation of Plaintiffs' disputes,

    b. failing to review all relevant information provided by consumer reporting agencies, and

    c. failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of 15 U.S.C. §1681s-2(b)(1).

6. The CRA Defendants violated the FCRA (and analogous provisions of the NY FCRA) by:

    a. failing to conduct a reasonable reinvestigation of Plaintiffs' disputes and delete or modify that information, in violation of § 1681i, and upon information and belief, failing to perform certain other related duties pursuant to and in violation of that same provision; and

    b. failing to maintain procedures to ensure the maximum possible accuracy of the information it reported about Plaintiffs, in violation of § 1681e(b).

7. Wells Fargo is also a loan servicer to whom RESPA applies.

8. Wells Fargo violated RESPA by:

    a. failing to make appropriate corrections to Plaintiffs' account,

    b. failing to cease collection efforts after being notified that Plaintiffs' were victims of identity theft, and

    c. by reporting the inaccurate information to credit reporting agencies.

2

9. As a direct and proximate result of the Defendants' negligent and willful actions, conduct, and omissions, including publishing inaccurate derogatory information to third-parties, Plaintiffs suffered cognizable actual damages (both economic and non-economic) including but not limited to credit denials, provision of credit at higher interest rates, damage to reputation, emotional distress, anxiety, embarrassment, aggravation, and frustration.

10. Defendants' willful violations of the Plaintiffs entitles Plaintiffs to an award of punitive damages.

## JURISDICTION AND VENUE

11. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p, 15 U.S.C. § 1640(e), and 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

13. Venue in this District is proper under 28 U.S.C. § 1391 because the Defendants maintain offices, transact business, and are otherwise found in this District.

## PARTIES

14. Plaintiffs Christopher and Lisa Dominik are natural persons and citizens of New York, residing in Levittown.

15. Plaintiffs are individuals and "consumers" within the meaning of the FCRA, 15 U.S.C. § 1681a(c), as well as the NY FCRA, NY GBL § 380-a(b).

16. Equifax information Services, LLC ("Equifax") is a Georgia limited liability company, duly authorized and qualified to do business in the State of New York.

17. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation, duly authorized and qualified to do business in the State of New York.

3

18. Trans Union LLC ("Trans Union") is a Delaware limited liability company, duly authorized and qualified to do business in the State of New York.

19. Equifax, Experian, and Trans Union are each a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and NY FCRA (G.B.L. § 380-a(e)).

20. Wells Fargo is a national banking association.

21. Wells Fargo Bank is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. § 1681s-2, *et seq* and a loan "servicer" of a "federal related mortgage loan" within the meaning of RESPA 12 U.S.C. §§ 2602 and 2605.

## FACTS

22. On or about December 9, 2016, Plaintiffs purchased a home located in Largo, Florida for their daughter, Nicole Johnson, and her husband, David Johnson (the "Johnsons").

23. Plaintiffs committed themselves to a mortgage with Wells Fargo for the purchase of said home in the amount of $170,000.00.

24. While the mortgage was placed under the Plaintiffs' name, the Johnsons agreed with Plaintiffs that the Johnsons were responsible for making the payments to Wells Fargo.

25. In an effort to make sure that the Johnsons made all necessary payments on time and in the correct amount, Plaintiffs requested that all correspondence and tax insurance information be mailed to the Plaintiffs' New York address in Levittown, NY.

26. Unfortunately, Nicole Johnson developed a serious substance abuse problem.

27. On or about August 2017, Nicole Johnson wrongfully impersonated Plaintiff Lisa Dominik and, posing as Ms. Dominik, requested that Wells Fargo send all billing and loan correspondence to the Largo address.

28. Ms. Johnson also entered into a fraudulent loan modification agreement while impersonating Ms. Dominik.

29. Unbeknownst to the Plaintiffs, the Johnsons stopped making payments towards the mortgage and – using the Plaintiffs' property in Largo, FL – engaged in an unlawful scheme to take deposits from multiple prospective renters.

30. Ultimately, the Johnsons fled Florida and were arrested, convicted, and incarcerated as a result.

31. Plaintiffs' took and have guardianship of the Johnsons' children *i.e.* Plaintiffs' grandchildren.

32. The Plaintiffs were not aware of said scheme or of the changes made to their account with Wells Fargo until they were contacted by the Largo Police Department in June of 2018.

33. On or about June 24, 2018, the Plaintiffs contacted Wells Fargo and discovered that the mortgage had not been paid in over 12 months and that the above mentioned changes had been made to their account without their permission.

34. In a follow up call done on or about July 2, 2018 with Wells Fargo, Plaintiffs attempted to resolve the issue with a Wells Fargo representative over the phone, but were instructed to visit a local branch for further assistance.

35. As instructed, the Plaintiffs visited a local Wells Fargo branch shortly after the July 2nd conversation but were denied assistance and were informed that branch could not discuss the issue with them. They were also informed that Ms. Johnson had

fraudulently opened a checking account under Ms. Dominik's name, had overdrawn funds from said account, and incurred several overdraft fees as a result.

36. On or about December 19, 2019, a letter was sent to Wells Fargo on behalf of Plaintiffs demanding that Wells Fargo correct the account and cease the reporting of false, negative information to the credit reporting agencies.

37. By letter dated January 29, 2020, Wells Fargo responded to Plaintiffs December 19, 2019 demand letter and took the position that there was no billing error or other account error, and that they had correctly reported the necessary information to the credit reporting agencies.

38. Despite being informed by Plaintiffs that the changes to their account were the result of fraud, Wells Fargo went on to report negative, and inaccurate information to the credit reporting agencies indicating that the July and August 2018 payments were 180 days late.

39. Plaintiffs mailed dispute letters to the credit reporting agencies on or about June 20, 2020 informing them of the inaccurate and fraudulent information that was reported to them by Wells Fargo.

40. The CRA Defendants refused to make any material changes to Plaintiffs' credit reports.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF FCRA § 1681s-2(b)**
**Against Wells Fargo Bank, N.A.**

41. Plaintiffs reallege and incorporate the above paragraphs as if reasserted and realleged herein.

6

42. Congress enshrined within the FCRA the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. §1681(a)(4).

43. Congress stated plainly the purpose of the FCRA, namely "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. §1681(b).

44. Wells Fargo violated §1681s-2(b) by its acts and omissions, including, but not limited to:

   a. failing to conduct a reasonable investigation of Plaintiffs' disputes,
   b. failing to review all relevant information provided by consumer reporting agencies, and
   c. failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of 15 U.S.C. §1681s-2(b)(1).

45. As a result of the Furnisher Defendant's violations of §1681s-2(b)(1), Plaintiffs suffered actual damages including but not limited to loss of credit, damage to reputation, embarrassment, humiliation, anguish and the other damages set forth herein.

46. These violations of §1681s-2(b)(1) were willful, rendering the Furnisher Defendant liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

47. In the alternative, the Furnisher Defendant was negligent, entitling Plaintiffs to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF FCRA § 1681e(b) and § 1681i
**Against the CRA Defendants**

48. Plaintiffs reallege and incorporate the above paragraphs as if reasserted and realleged herein.

49. The CRA Defendants each violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions including but not limited to:

    a. failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from Plaintiffs' credit file in violation of § 1681i(a)(1);

    b. by failing to review and consider all relevant information submitted by Plaintiffs in violation of § 1681i(a)(4); and

    c. by failing to properly delete the disputed inaccurate items of information from Plaintiffs' credit files or modify item of information upon a lawful reinvestigation in violation of § 1681i(a)(5).

50. Each of the CRA Defendants violated 15 U.S.C. § 1681e(b) by their conduct, acts and omissions including but not limited to failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiffs in the preparation of their credit reports and credit files that they published and maintained.

51. As a result of the CRA Defendants' violations of § 1681i and §1681e(b), Plaintiffs suffered actual damages including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, anguish and the other damages set forth herein.

52. These violations of § 1681i and § 1681e(b) were willful, rendering the CRA Defendants liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

53. In the alternative, the CRA Defendants were negligent, entitling Plaintiffs to recover actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

**THIRD CAUSE OF ACTION
VIOLATIONS OF RESPA §§ 2605(e)(1)-(3)
Against Wells Fargo Bank, N.A.**

54. Plaintiffs' dispute letter to Wells Fargo, sent in December of 2019, was a Qualified Written Request and Notice of Error

55. The December letter specified that Plaintiffs were victims of identity theft by Ms. Johnson (who had impersonated her mother, Ms. Dominik, in order to redirect the mail and open a new account).

56. Wells Fargo failed to make appropriate corrections; refused to cease collection activity; and provided inaccurate account information to credit reporting agencies, in violation of 2605(e)(1)-(3)

57. These unlawful acts harmed Plaintiffs, causing Plaintiffs to suffer actual damages including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, anguish and the other damages set forth herein.

58. Pursuant to § 2605(f), Plaintiffs' are entitled to statutory and actual damages, attorney fees and costs, and declaratory relief as a result of Wells Fargo's violations.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF NY FCRA §380-f and §380-j
### Against the CRA Defendants

59. Plaintiffs reallege and incorporate the above paragraphs as if reasserted and realleged herein.

60. Each of the CRA Defendants violated multiple sections of the NY FCRA (NY GBL §§ 380–380-u) by their acts and omissions including:

    a. failing to promptly reinvestigate Plaintiff's dispute(s) to determine whether the disputed information is inaccurate and record the current status of the disputed information in violation of § 380-f(a);

    b. failing, after determining that the disputed information is in error or that it can no longer be verified, to promptly expunge the item and otherwise correct the file and refrain from reporting the item in subsequent consumer reports, in violation of § 380-f(b); and

    c. failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiffs in the preparation of their credit report and credit files that it published and maintained in violation of § 380-j(e).

61. These violations of § 380-f and § 380-j(e) were willful, rendering the CRA Defendants liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 380-l and entitling Plaintiffs to injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

62. In the alternative, the CRA Defendants were negligent, entitling Plaintiffs to recover actual damages and costs and reasonable attorney's fees pursuant to § 380-m as well as injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

**WHEREFORE**, Plaintiffs seek judgment in Plaintiffs' favor and judgment against Defendants:

a. awarding Plaintiffs actual damages, statutory damages, punitive damages, treble damages, costs and reasonable attorney's fees as against each Defendant;

b. ordering Defendants to immediately delete all inaccurate information from Plaintiffs' credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information, and to send updated and corrected credit report information to all persons and entities to whom they have reported inaccurate information about the Plaintiffs;

c. enjoining Defendants from violating Plaintiff's NY FCRA rights and from all other unlawful conduct set forth herein; and to declaratory relief; and

d. such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: August 28, 2020

*/s/ Daniel A. Schlanger*
Daniel A. Schlanger
Schlanger Law Group LLP
80 Broad Street, Suite 1301
New York, NY 10004
T: 212-500-6114
F: 646-612-7996
E: dschlanger@consumerprotection.net
*Counsel for Plaintiff*

11